IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-487-RJC-DCK

| | |
|---|---|
| FOUNDERS FEDERAL CREDIT UNION, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) MEMORANDUM AND ) RECOMMENDATION |
| LONNIE ROBERT MITCHELL, | ) ) |
| Defendant. | ) ) ) |

**THIS MATTER IS BEFORE THE COURT** on "Founders Federal Credit Union's Motion To Dismiss Counterclaim Pursuant To Rules 8(a) And 12(b)(6)" (Document No. 5); and *pro se* Defendant's various motions (Document Nos. 12, 14, 16, and 18). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion to dismiss be granted and *pro se* Defendant's motions denied as moot.

**I. BACKGROUND**

Founders Federal Credit Union ("Plaintiff" or "FFCU") initiated this action with the filing of a "Verified Complaint" (Document No. 1, pp. 16-20) in the Superior Court of Rowan County, North Carolina on August 14, 2020, Case No. 20 CVS 1309. The Complaint asserts that Plaintiff advanced funds to Lonnie Mitchell ("Defendant" or "Mitchell") "under a Security Agreement and Advance Receipt (the "Security Agreement") dated March 16, 2016" with a "principal balance due under the Security Agreement [of] $18,394.50." (Document No. 1, pp. 16-17) (citing Document No. 1, pp. 33-35). In consideration for Plaintiff's "extension of credit to Defendant pursuant to

the Security Agreement, Defendant granted Plaintiff a security interest in and lien against a 2013 Toyota Camry." (Document No. 1, p. 17). Plaintiff contends that Defendant "failed and refused to make payment when due under the Consumer Lending Plan and the Security Agreement." Id.

The Complaint includes claims for "breach of first line of credit" and "claim and delivery." (Document No. 1, pp. 17-18). Plaintiff seeks a Judgment for $8,374.63, with an accruing interest rate of 8.00% per annum from and after June 29, 2020, and its reasonable attorney's fees. Id.

Defendant Mitchell, appearing *pro se*, filed a "Verified CounterComplaint" (Document No. 1, pp. 37-47) (Defendant's "Counterclaim") on August 31, 2020, in the state court action. The Counterclaim asserts that Plaintiff "is harassing" Defendant with a lawsuit "after Collateral Estoppel by Silence has been issued and judged by Notary." (Document No. 1, p. 39). Defendant seems to question whether his alleged debt to Plaintiff FFCU is valid and/or enforceable. (Document No. 1, pp. 37-41). The Counterclaim alleges Defendant is entitled to a "Judgment against Claimant . . .of no less than $576,375.00." (Document No. 1, p. 43).

Soon thereafter, Defendant filed a "Notice Of Removal" (Document No. 1) with this Court on September 4, 2020. Defendant contends that removal is appropriate based on diversity jurisdiction because Plaintiff is a citizen of South Carolina and Defendant is a citizen of North Carolina, and the amount in controversy exceeds $75,000. (Document No. 1, pp. 1-2). Defendant further contends that the amount in controversy clearly exceeds $75,000 because his counterclaim includes a request for a "judgment against the Plaintiff(s) in the sum of $613,041.00 plus $5000 legal fees per day, plus 33% interest on All Fees/ Total balance." (Document No. 1, p. 2) (citing Document No. 1, pp. 37-47). Plaintiff also seems to suggest that there may be a federal question at issue. (Document No. 1, p. 2) (citing 15 U.S.C. 1692(g)).

2

"Founders Federal Credit Union's Motion To Dismiss Counterclaim Pursuant To Rules 8(a) And 12(b)(6)" (Document No. 5) and "Memorandum In Support…" (Document No. 6) were filed on September 21, 2020.  Plaintiff contends that the Counterclaim should be dismissed on the grounds that it:  (1) is non-specific;  (2) does not provide FFCU with sufficient notice of a claim; and (3) fails to state a claim upon which relief may be granted.  (Document No. 5, p. 1).  Plaintiff FFCU further asserts that to the extent the Counterclaim is brought pursuant to the Fair Debt Collection Practices Act (the "FDCPA"),15 U.S.C. § 1692, the FDCPA not applicable to FFCU. Id.  Defendant's "Rebuttel & Response…" (Document No. 7) was filed on October 5, 2020;  and Plaintiff's "…Reply…" (Document No. 9) was filed on October 13, 2020.

During the parties' briefing on the motion to dismiss, the Honorable Robert J. Conrad, Jr. issued an Order denying Defendant's motion to proceed *in forma pauperis*.  See (Document Nos. 3 and 8).  The Court also denied Defendant's motion to stay.  See (Document Nos. 4 and 10).

*Pro se* Defendant has subsequently filed the following motions: "Motion & Judicial Notic[e]…" (Document No. 12);  "Adjournment Request" (Document No. 14);  "Motion for Joinder…" (Document No. 16);  and a "Writ Of Discovery – Request To Compel Discovery" (Document No. 18).  Plaintiff has filed timely responses to each of Defendant's motions, and for most has asserted that it is "unable to ascertain the basis or relief actually sought."  See (Document Nos. 13, 15, and 19).  Plaintiff has failed to file any reply briefs, or notices of intent not to reply, pursuant to this Court's Local Rules.  See LCvR 7.1(e).

The pending motions are now ripe for review and a recommended disposition to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint

4

Case 3:20-cv-00487-RJC-DCK   Document 20   Filed 06/25/21   Page 4 of 9

in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

The crux of Plaintiff's argument is that Defendant's Counterclaim fails to plead sufficient facts or law to meet the notice pleading standard of Rule 8 or to state a claim upon which relief maybe be granted. (Document No. 6, pp. 2-8).

Plaintiff first asserts that the Counterclaim does not plead any decipherable facts or any elements of a cause of action. (Document No. 6, p. 3). Plaintiff notes that the Counterclaim consists of ten (10) paragraphs, and that the first eight (8) of those appear to be responses and/or defenses to the Complaint. Id. Paragraphs nine (9) and ten (10) purport to assert a "claim for relief" for "various violation" pursuant to "Title 15 § 1692a(3)." See (Document No. 1, p. 43; Document No. 6, pp. 3-4). Plaintiff further notes that Defendant, in conclusory fashion, alleges damages in excess of $576,375.00, and attaches a "True Bill" that is a list of alleged damages/charges without any supporting factual allegations. (Document No. 6, p. 4) (citing Document No. 1, pp. 43-45).

Plaintiff argues that "the Counterclaim is nothing more than superfluous rhetoric and a list of charges/damages, none of which are attributed to any facts or elements of any causes of action." (Document No. 6, p. 4). As such, Plaintiff contends the Counterclaim fails to satisfy Rule 8(a) and provide Plaintiff enough information to inform an answer or defense. Id.

Next, Plaintiff contends that the Counterclaim fails to plead any plausible cause of action upon which relief can be granted. (Document No. 6, p. 5). "To be factually sufficient, a party must plead 'enough facts to state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

Plaintiff argues that Defendant "fails to identify and/or name any recognized cause of action." (Document No. 6, p. 6). Plaintiff acknowledges Defendant's citation to the federal Fair Debt Collection Practices Act (the "FDCPA"), but argues that the FDCPA does not apply here "because this action is based upon the collection of a debt owed by Mr. Mitchell to FFCU, which was originated by FFCU, i.e., FFCU is collecting its own debt." Id. Plaintiff further explains:

> To state a claim under the FDCPA, Mr. Mitchell "must allege that (1) [he is] the object of collection activity arising from a consumer debt as defined by the FDCPA, (2) that [FFCU is a] 'debt collector[]' as defined by the FDCPA, and (3) that [FFCU] engaged in an act or omission prohibited by the FDCPA." *Kasaija v. Bank of America, N.A.*, No. 3:13-CV-231, 2013 WL 6385587, at *3 (W.D.N.C. Dec. 6, 2013) (granting dismissal because plaintiff failed to allege Bank of America was a debt collector under the FDCPA) (Ex. C). **It is well settled that creditors collecting debts belonging to themselves are not debt collectors and are statutorily exempt from liability under the FDCPA**. *Id.*

(Document No. 6, pp. 6-7) (emphasis added).

Plaintiff concludes that since Defendant only cites the FDCPA as a basis for recovery, and since the FDCPA is not applicable to Plaintiff, the Counterclaim must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). (Document No. 6, p. 8).

Defendant's "Rebuttel & Response…" (Document No. 7) is difficult to follow and does not directly address Plaintiff's arguments set forth above. At one point, Defendant describes the motion to dismiss as "an underhanded attempt to circumvent the law and to flee away from default of which FOUNDERS FEDERAL CREDIT UNION via 'Collateral Estoppel by Silence' has been judged and recorded on the public record." (Document No. 7, p. 3). Defendant suggests that this Court is the proper venue because there are federal questions and "due to counterclaimant subsequently being financially, emotionally and constitutionally trespassed upon during state

6

preliminary before seeing a judge in superior court." (Document No. 7, p. 5) (listing citations to UCC and FDCPA).

In reply, Plaintiff argues that Defendant's response failed to address the underlying deficiencies in the Counterclaim. (Document No. 9, pp 2-6). Specifically, Plaintiff states that Defendant has not identified any facts "upon which he holds and intends to use to support a cognizable claim for recovery before this Court." (Document No. 9, p. 3). In addition, Plaintiff argues that Defendant's citation to the FDCPA or the Uniform Commercial Code (the "UCC"), without more, is not enough to support a claim.

Plaintiff notes that Defendant accurately references "that FFCU was granted an Order of Seizure in Claim and Delivery in a prior state proceeding," but asserts that a Counterclaim is not the appropriate vehicle to challenge such an Order. (Document No. 9, p. 5).

In conclusion, Plaintiff suggests that Defendant's response is "more indecipherable commentary consistent with the superfluous nonsense in his Counterclaim" and has failed to provide any better understanding for what Plaintiff must defend. Id.

Plaintiff makes a compelling argument for dismissal. Even viewing the Counterclaim "in the light most favorable" to *pro se* Defendant, the undersigned finds no factual content to support a plausible claim. Without any explanation or factual allegations, Defendant's position that he has been damaged in an amount of approximately $600,000 as a result of Plaintiff seeking to collect a debt of approximately $9,000 is nonsensical. Moreover, Defendant fails to refute that the FDCPA is not applicable to Plaintiff FFCU seeking to collect its own debt.

Based on Plaintiff's arguments and legal authority, the undersigned will respectfully recommend that Plaintiff's "… Motion To Dismiss Counterclaim Pursuant To Rules 8(a) And 12(b)(6)" be granted. Moreover, the undersigned is persuaded that there is no diversity jurisdiction

7

or federal question here. Defendant's failure to assert a plausible claim eliminates any possibility that this case meets the $75,000 threshold to support subject matter jurisdiction, or that there is a federal question.

As such, the undersigned will further recommend that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and instead remand this matter to state court. See 28 U.S.C. 1367(c)(3); Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) ("trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished"); and Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606 (4th Cir. 2002) (citing Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir.2001) ("a district court's power to remand pendent state claims to state court is inherent in statutory authorization to decline supplemental jurisdiction under § 1367(c)"). The undersigned expresses no opinion as to the merits of Plaintiff's state court claims and/or any appropriate defenses or counterclaims available to Defendant Mitchell in that action.

Since the undersigned will recommend dismissal and remand, it appears that *pro se* Defendant's remaining "motions" should be denied as moot.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Founders Federal Credit Union's Motion To Dismiss Counterclaim Pursuant To Rules 8(a) And 12(b)(6) (Document No. 5) be **GRANTED** and that this matter be **REMANDED** to the Superior Court of Rowan County, North Carolina, Case No. 20 CVS 1309.

**IT IS FURTHER RECOMMENDED** that the "Motion & Judicial Notic[e]…" (Document No. 12) be **DENIED AS MOOT**.

**IT IS FURTHER RECOMMENDED** that the "Adjournment Request" (Document No. 14) be **DENIED AS MOOT**.

**IT IS FURTHER RECOMMENDED** that the "Motion for Joinder…" (Document No. 16) be **DENIED AS MOOT**.

**IT IS FURTHER RECOMMENDED** that the "Writ Of Discovery – Request To Compel Discovery" (Document No. 18) be **DENIED AS MOOT**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: June 25, 2021

David C. Keesler
United States Magistrate Judge