# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:20-cv-00487-RJC-DCK

| | |
|---|---|
| FOUNDERS FEDERAL CREDIT UNION, ) ) ) Plaintiff, ) ) vs. ) ) ) LONNIE ROBERT MITCHELL, ) ) Defendant. ) ) | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Dismiss Counterclaim, (Doc. No. 5); Defendant's various motions (Doc. Nos. 12, 14, 16, and 18); and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 20). The Court has also reviewed all associated filings to the Motions and M&R.

Having fully considered the arguments, the record, and the applicable authority, Plaintiff's Motion to Dismiss Counterclaim is **GRANTED**, Defendant's various motions are **DENIED as moot**, and the matter is **REMANED** to the Superior Court of Rowan County, North Carolina, Case No. 20 CVS 1309.

## I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a

magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

### III. DISCUSSION

#### A. Plaintiff's Motion to Dismiss Counterclaim for Failure to State a Claim

##### i. <u>Legal Standard</u>

The standard of review for a motion to dismiss under Rule 12(b)(6) for failure to state a claim is well known. FED. R. CIV. P. 12(b)(6). "A motion to dismiss under Rule 12(b)(6) 'challenges the legal sufficiency of a complaint,' including whether it meets the pleading standard of Rule 8(a)(2)." *Fannie Mae v. Quicksilver LLC*, 155 F. Supp. 3d 535, 542 (M.D.N.C. 2015) (quoting *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009)). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means allegations that allow the court to draw the reasonable inference that

defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Additionally, when ruling on a motion to dismiss, a court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Nonetheless, a court is not bound to accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Courts cannot weigh the facts or assess the evidence at this stage, but a complaint entirely devoid of any facts supporting a given claim cannot proceed." *Potomac Conference Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc.*, 2 F. Supp. 3d 758, 767–68 (D. Md. 2014). Furthermore, the court "should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

    ii.    <u>Analysis</u>

As an initial matter, Defendant's "objection," which was titled as a Response to the M&R, fails to specifically object to any factual statements or legal conclusions in the M&R. Nor can the Court, even with a liberal reading, decipher what the Defendant is arguing in response to the M&R. Of note, one of the few salient points in the "objection" is Defendant's request "that the Treaty of Peace and friendship be admitted [sic] to this case right away." (Doc. No. 21 at 1). The Court fails to see the relevance of this request in objecting to the M&R.

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall

3

make a de novo determination of any portion of an M&R to which specific written objection has been made. A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). As the parties have not specifically objected to the M&R regarding the motion to dismiss, and the time for doing so having passed, the parties have waived their right to de novo review of any issue covered in the M&R regarding the motion to dismiss. Nevertheless, this Court has conducted a full review of the M&R and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved as explained below.

Plaintiff's Motion to Dismiss Defendant's counterclaim argues that Defendant failed to meet the notice pleading standard of Rule 8 or state a claim upon which relief can be granted. (Doc. No. 6 at 2–8). In particular, Plaintiff notes that the counterclaim lacks decipherable facts or any elements of a cause of action. (Doc. No. 6 at 3). The counterclaim consists of ten paragraphs, the first eight of which appear to respond to the complaint or allege affirmative defenses. Paragraphs nine and ten seem to assert a claim for relief for "various violations[s]" under 15 U.S.C. § 1692[1] ("FDCPA"), and summarily concludes that Defendant is entitled to "no less than $576,375," "legal fees at a rate of $5000.00 - per day," "Administrative fees of $3,333.00," "Court Appearance Fees of $33,333.00," and "33% Interest on all fees." (Doc. No. 1 at 43). Defendant also attached a "True Bill" of the damages for violations under the FDCPA, invasion of privacy trespass, and identity theft, among other interest fees. (*Id.* at 45).

The Magistrate Judge found Defendant's counterclaim failed to state a claim for relief. (Doc. No. 20). Thereafter, Defendant filed a response, which was docketed as an "objection," that asks this Court to include the "Treaty of Peace and friendship" as evidence, but which fails

---

[1] Also known as the federal Fair Debt Collection Practices Act.

to comprehensibly object to any specific factual statements or legal conclusions in the M&R. (Doc. No. 21). Plaintiff then filed a reply in agreement with the M&R and noted the lack of comprehensible objections posited by Defendant. (Doc. No. 22). Even in a light most favorable to pro se Defendant, this Court agrees that Defendant has failed to plausibly plead a claim for relief.

First, Defendant has no cause of action under the FDCPA. The FDCPA only provides a cause of action when debt collectors violate the Act. It does not apply when the holder of the debt tries to collect on the debt. *Kasaija v. Bank of America, N.A.*, No. 3:13-CV-231, 2013 WL 6385587, at *3 (W.D.N.C. Dec. 6, 2013) (granting dismissal because plaintiff failed to allege Bank of America was a debt collector under the FDCPA). "It is well settled that provisions of the FDCPA generally apply only to debt collectors . . . . creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." *Id.* Here, Plaintiff Founders Federal Credit Union provided financing for Defendant's automobile and cannot be considered a debt collector as Plaintiff is collecting a debt on behalf of itself, not another creditor. (Doc. No. 1 at 16). Any claim under the FDCPA thus fails.

Second, regarding the only other potential counterclaims, Defendant failed to provide any legal support or provide any relevant facts to plausibly sustain an action for an "invasion of privacy trespass" or "identity theft," which were listed in the "True Bill" attached to the counterclaim. Accordingly, Defendant has failed to plausibly plead sufficient facts to allow this Court to reasonably infer Plaintiff is liable for any alleged wrongdoing. *See Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 663.

While the Court is mindful of the latitude extended to the pleadings of pro se litigants, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), it cannot act as the pro se plaintiff's advocate or

5

Case 3:20-cv-00487-RJC-DCK   Document 25   Filed 09/30/21   Page 5 of 9

develop claims which the plaintiff failed to raise clearly on the face of her complaint. *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). As a result, even a pro se plaintiff's claim for relief "requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Like plaintiffs who are represented by counsel, a pro se plaintiff must still "allege facts sufficient to state all the elements of [a] claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

Therefore, even under a liberal reading and viewing all facts in a favorable light, no amount of latitude can save pro se Defendant's counterclaim.

### B. Lack of Subject-Matter Jurisdiction

#### 1. Legal Standard

Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Subject-matter jurisdiction in federal court exists only where a federal question is presented, 28 U.S.C. § 1331, or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of claims where the Court lacks jurisdiction over the subject-matter of the lawsuit. FED. R. CIV. P. 12(b)(1). Lack of subject-matter jurisdiction may be raised at any time by a litigant or the court itself. *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). The plaintiff bears the burden of proving that the court has subject-matter jurisdiction over a case or claim. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

When a case is removed to federal court and the claim from which subject-matter

jurisdiction arises is dismissed, the court has discretion whether to exercise supplemental jurisdiction over the remaining pendant state law claims or to remand to state court. *See* 28 U.S.C. 1367(c)(3). This is explained by the Fourth Circuit in *Shanaghan v. Cahill*:

> [A] court has discretion to dismiss or keep a case when it has dismissed all claims over which it has original jurisdiction. Recent case law has emphasized that trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished. Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy. The doctrine of supplemental jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values.

58 F.3d 106, 110 (4th Cir. 1995) (internal citations and quotations omitted); *see also Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 606 (4th Cir. 2002) (citing *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001) ("[A] district court's power to remand pendent state claims to state court is inherent in statutory authorization to decline supplemental jurisdiction under § 1367(c).").

   iii. <u>Analysis</u>

In the M&R, the Magistrate Judge *sua sponte* raised the issue of subject-matter jurisdiction and recommended remanding the case back to state court. (Doc. No. 20 at 7–8). Plaintiff agrees, (Doc. No. 22 at 2), and Defendant did not object to this recommendation, (Doc. No. 21). As no objection was filed, this Court need only ensure there was no clear error in the M&R. *Diamond*, 416 F.3d at 315. Nevertheless, this Court has conducted a full review of the M&R and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved as explained below.

Plaintiff Founders Federal Credit Union brought this case in state court in Rowan County, North Carolina after Defendant failed to make payments on his car lease. Defendant then counterclaimed and requested removal to federal court, alleging there was diversity jurisdiction

7

based on his counterclaim.² Defendant may also have alleged federal question jurisdiction; however this is unclear. Regardless, subject-matter jurisdiction under either prong is missing.

First, for the aforementioned reasons, Defendant has not sufficiently plead any cause of action, let alone a cause of action arising via federal law. Second, the amount-in-controversy requirement needed to satisfy diversity jurisdiction cannot be met. Plaintiff's claims total less than $10,000. And Defendant's counterclaim for nearly $600,000 has been dismissed. Thus, exceeding the $75,000 threshold amount to satisfy the amount-in-controversy requirement is a legal impossibility. And, as this case is relatively early in the litigation process and entirely involves state law issues, this Court declines to exercise supplemental jurisdiction over pendant state law claims. *See* 28 U.S.C. 1367(c)(3); *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995); *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 606 (4th Cir. 2002) (citing *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001)).

### C. Defendant's Various Motions

In light of this Court's ruling dismissing Defendant's counterclaim and remanding the case to state court, Defendant's pending motions are mooted.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 20), is **ADOPTED**;
2. Plaintiff's Motion to Dismiss Counterclaim, (Doc. No. 5), is **GRANTED**;
3. Defendant's Motions, (Doc. Nos. 12, 14, 16, and 18), are **DENIED as moot**; and
4. This case is hereby **REMANDED** to the Superior Court of Rowan County, North Carolina, Case No. 20 CVS 1309.

---

² It is undisputed that there is no diversity or federal question jurisdiction under Plaintiff's claims.

Signed: September 29, 2021

Robert J. Conrad, Jr.
United States District Judge